25685. WATSON *et al.* v. INDEPENDENT BANNER OF LOVE SOCIETY *et al.*

Decided October 17, 1936.

*Randall Evans Jr.,* for plaintiffs. *B. J. Stevens,* for defendant.

Jenkins, P. J. The father, mother, brothers, and sisters of a deceased member of the "Independent Banner of Love Society" sued the society for the recovery of death benefits. The defense was that the member had been lawfully removed from membership before her death, because of her violation of two sections of the constitution and by-laws, referred to in the syllabus, as follows: "No member shall be allowed to live or cohabit in adultery; if so, he shall be tried, and, if found guilty, suspended." "Any member who shall become a father or mother unlawfully shall be suspended for not less than one year for the first offense; and for the second, expelled." There was evidence that the deceased was a single woman pregnant with child, that she so admitted to a representative of the society, stated that "she had not done any more than others had done," refused to attend her trial at a lodge meeting, of which she was given notice, and that "the whole lodge voted on it and turned her out" because of her pregnancy. Since the proof did not show that a child was ever born, but only that "she died because of that pregnancy," the plaintiff's contend that no legal cause for a removal of the deceased was shown. They also contend that there was no evidence of any adultery, or that the pregnancy was not legal because of a seduction or rape.

Although, under common usage, the word "mother" ordinarily means a woman who has actually borne a child, yet as used in our statutes and in the few adjudicated cases on the subject, it also includes maternity during the prebirth period. See Code, §§ 26-1101, 26-1103; Latshaw *v.* State, 156 Ind. 194 (59 N. E.

471); Howard *v.* People, 185 Ill. 552 (57 N. E. 441); 42 C. J. 456. The evidence as to such maternity brought the member within the quoted provision of the by-laws, subjecting her to removal, if such a condition was unlawful. As to the lawfulness of this admitted maternity, the evidence showed that she was not married, and, when approached on the subject, made no contention as to any rape or seduction, and merely sought to palliate her condition by stating that she "had not done any more than others had done." The evidence thus authorizing a finding that her condition was not lawful, and that her removal from membership was legal, the judge did not err in sustaining the certiorari and granting a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*